**E-Filed 7/30/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ROSIE LUCIW,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; AND DOES 1-100, inclusive,<br><br>  Defendants. | Case Number   C 10-02779-JF (HRL)<br><br>ORDER[1] DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING OR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION<br><br>[re doc. no. 4] |

    This action arises out of a residential mortgage transaction. The subject property is located at 4040 Hidden Valley Lane, San Jose, California 95127. On June 24, 2010, Plaintiff Rosie Luciw ("Plaintiff") filed the instant action against Defendants Bank of America, N.A., BAC Home Loan Servicing, LP, and Does 1-100 ("Defendants"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, et seq., and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. On July 2, 2010, Plaintiff filed an

---

[1] This disposition is not designated for publication in the official reports.

application for a temporary restraining order ("TRO") or order to show cause re preliminary injunction in which she asserted that a trustee's sale of the subject property was scheduled for July 8, 2010. Because it did not learn of Plaintiff's application until July 23, 2010, the Court ordered the parties to submit a short letter brief or declaration informing it of the current status of the subject property.

On July 29, 2010, Defendants filed the declaration of Alison Goldfarb, a Litigation Specialist in Risk Management for Defendant BAC Home Loans Servicing, LP ("BACHLS"), "which services the loan belonging to plaintiff. . ." Declaration of Alison Goldfarb ("Goldfarb Decl.") ¶ 1. Goldfarb states that based upon her review of BACHLS's loan servicing database, the foreclosure sale of the subject property has been postponed until November 9, 2010. *Id.* ¶ 9. Accordingly, it appears that there is no imminent irreparable harm that would justify the issuance of a TRO or an order to show cause re preliminary injunction. If Plaintiff still believes that pre-judgment relief is necessary, she may notice a motion for a preliminary injunction pursuant to Civil L.R. 7-2. *See* Civil L.R. 65-2 ("Motions for preliminary injunctions unaccompanied by a temporary restraining order are governed by Civil L.R. 7-2).

**IT IS SO ORDERED.**

DATED: July 30, 2010

_____
JEREMY FOGEL
United States District Judge