1

2 **E-Filed 2-15-2011**

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN JOSE DIVISION**

11

12 | ROSIE LUCIW, | Case No. 5:10-cv-02779-JF/HRL

13 | Plaintiff, | **ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

14 | v.

15 | | [Docket No. 33]

16 | BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP, and DOES 1-100

17 | inclusive,

18 | Defendants.

19

20         Defendants Bank of America, N.A. ("BofA") and BAC Home Loans Servicing, LP

21 ("BACHLS") (collectively, "Defendants") move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss

22 Plaintiff's first amended complaint for failure to state a claim upon which relief may be granted.

23 Plaintiff Rosie Luciw ("Plaintiff") opposes the motion.  For the reasons discussed below, the

24 motion will be granted, with leave to amend.

25 ///

26

27 _____

28         [1] This disposition is not designated for publication in the official reports.

### I. BACKGROUND

Plaintiff filed the instant action on June 24, 2010, alleging violations of the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.; California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq*.; California Financial Code § 50505; and California Civil Code § 2943.[2] She also alleges that Defendants engaged in a conspiracy to violate these laws and regulations.

Plaintiff owns and resides at real property located at 4040 Hidden Valley Lane, San Jose, California. (Complaint ¶ 4.) She purchased the property with a $430,000 first mortgage loan from BofA. (*Id.* at ¶ 12.) She subsequently refinanced the property through another loan from BofA. (*Id.*) BACHLS is the servicer of Plaintiff's second loan. (*Id.* at ¶ 6.) Plaintiff defaulted on the second loan, and Cal-Western recorded a notice of default on the property on June 3, 2009. (*Id.* at ¶ 13.) On September 14, 2009, Cal-Western recorded a notice of trustee's sale and scheduled the sale to occur on October 1, 2009. (*Id.*) That sale was postponed, and Plaintiff filed two Chapter 13 bankruptcy petitions in early 2010, resulting in further postponements of the trustee's sale. (*Id.* at ¶¶ 15-16.) Each bankruptcy petition was dismissed, (*Id.*), and Cal-Western subsequently rescheduled the trustee's sale for July 8, 2010, without recording a new notice of sale, (*Id.* at ¶ 17). It appears that the sale later was postponed until January 7, 2011. (Pl.'s Opp. to Mot. to Dismiss FAC, 5:16-17); whether the sale has taken place as of the date of this order is unknown.

On January 26, 2010, after filing her initial bankruptcy petition, Plaintiff's counsel sent a request via certified mail to BofA, seeking various documents including copies of "[a]ll uncertificated security and certificates of asset backed securities related to this Deed of Trust and Promissory note" and "all payments for services rendered on this Deed of Trust and Promissory Note that went to . . . servicers and sub-servicers." (Complaint ¶ 14; Ex. A.) Plaintiff contends that this letter was a qualified written request ("QWR") as that term is defined

---

[2] Plaintiff also names Cal-Western Reconveyance Corporation ("Cal-Western") as a defendant in the body of her complaint, (Complaint ¶ 7), but the case caption does not include Cal-Western, and Cal-Western has not been served in connection with the complaint.

1   under RESPA, 12 U.S.C. § 2605(e)(1)(B).  Counsel sent the same letter to BofA on May 11,

2   2010, and a certified mail receipt from the United States Postal Service indicates that the letter

3   was delivered on May 14, 2010.  (*Id.* at 18, Ex. B.)  As of the date the complaint was filed,

4   Defendants had not responded to either letter.

5   **A. Plaintiff's First Amended Complaint**

6       On October 6, 2010, Defendants' motion to dismiss Plaintiff's original complaint was

7   granted, with leave to amend.  On November 5, 2010, Plaintiff filed the operative complaint

8   ("FAC").  The FAC alleges only violations of RESPA §2605 and the UCL (predicated on the

9   violation of RESPA §2605). Defendants move to dismiss the FAC.

10      Plaintiff asserts that BACHLS confirmed receipt of her QWR dated January 26, 2010, on

11  May 14, 2010, and responded on August 10, 2010. Plaintiff asserts that BACHLS

12  acknowledgment of its receipt of the letter dated January 26, 2010 constitutes an admission that

13  the letter in fact is a QWR and that BACHLS received the *original* "QWR."  (FAC ¶ 25).

14  Defendants deny that Plaintiff's letter qualifies as a QWR but they indicate that they chose to

15  respond to the relevant inquiries within the letter that would have been included within an

16  acceptable QWR. (Mot. to Dismiss, 4:11-15).  Defendants deny ever admitting receipt of

17  Plaintiff's *original* letter, and assert that Plaintiff conceded in her original complaint that

18  Defendants never received the original letter. (Mot. to Dismiss, 5:10-23).

19      In her opposition to the instant motion, Plaintiff appears to abandon any argument

20  Defendants have acknowledged receipt of her original letter sent January 26, 2010.  Instead, she

21  focuses on whether Defendants' response to the alleged QWR they received on May 14, 2010

22  was timely under RESPA.  (Pl.'s Opp. to MTD, 5:7-6:2).  The parties also disagree as to

23  whether Plaintiff has pled cognizable damages under RESPA.  Resolution of the dispute

24  depends entirely on the validity of Plaintiff's RESPA claim.

25                          **II. MOTION TO DISMISS**

26  **A.    Legal Standard**

27       "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

28  cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v.*

                                    3

1   *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  On a motion to dismiss, the

2   court's review is limited to the face of the complaint and matters judicially noticeable.  *MGIC*

3   *Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)*; N. Star Int'l v. Ariz. Corp. Comm'n*,

4   720 F.2d 578, 581 (9th Cir. 1983).  However, under the "incorporation by reference" doctrine, the

5   court also may consider documents which are referenced extensively in the complaint and which

6   are accepted by all parties as authentic.  *In re Silicon Graphics, Inc. Sec. Litig*., 183 F.3d 970, 986

7   (9th Cir. 1999).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true,

8   and the court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v.*

9   *McKeithen*, 395 U.S. 411, 421 (1969).  "To survive a motion to dismiss, a complaint must

10  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

11  face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the

12  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

13  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

14  556, 570 (2007)).  Thus, a court need not accept as true conclusory allegations, unreasonable

15  inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint.

16  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).  If a complaint lacks

17  facial plausibility, leave to amend must be granted unless it is clear that the complaint's

18  deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.

19  1995).  When amendment would be futile, however, dismissal may be ordered with prejudice.

20  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

21  **B.      The RESPA claim**

22          Defendants contend that Plaintiff has failed to state a RESPA claim with respect to the

23  alleged QWR because (1) Defendants' response to Plaintiff's alleged QWR was timely, and (2)

24  Plaintiff does not allege cognizable damages even assuming that Defendants' response was

25  untimely.

26          **1.  Whether Defendants' response to Plaintiff's QWR was timely**

27          Pursuant to 12 U.S.C. § 2605, a loan servicer has a duty to respond "not later than 60 days

28

4

1   (excluding legal public holidays, Saturdays, and Sundays) after receipt from any borrower of any

2   qualified written request." 12 U.S.C. § 2605(e)(2). In this instance, May 14, 2010 is appropriate

3   for assessing the timeliness of Defendants' response to Plaintiff's alleged QWR.  Plaintiff alleges

4   no facts that would permit the Court to find or infer that Defendants received Plaintiff's original

5   letter dated January 26, 2010.  Exhibit A to Plaintiff's original complaint contains no evidence

6   that the letter actually was received by Defendants. (Pl.'s Compl. at Exhibit A).  Plaintiff alleged

7   in her original complaint that BofA received what she characterizes as her re-submitted QWR on

8   May 14, 2010 (Pl.'s Compl. ¶ 18), but never claims that BofA received the original letter. (Pl.'s

9   Compl. ¶ 14).  Defendants' acknowledgment that they received the re-submitted QWR in no way

10  suggests that they received the original document and simply failed to respond.

11        Defendants contend that their response was due on August 10, 2010. (Def.'s Reply, 2:15-

12  19). Plaintiff asserts that their response was due one day earlier on August 9, 2010. (Pl.'s Opp,

13  4:21-23).  It appears that the difference arises from whether the date of receipt is included in the

14  calculation.  Under §2605(e) the response is due 60 days "afterwards," and the day of receipt is

15  not included.  *Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183 (E.D. Cal. 2010). Under

16  §2605(e)(2), a response is due from the loan servicer "[n]ot later than 60 days . . . *after* the receipt

17  from any borrower[.]" (emphasis added).  Synonyms of *after* include "subsequently", "later",

18  "next", "succeeding" or "thereafter."[3] Nothing associated with the word *after* connotes "as of",

19  "in concurrence with", or "simultaneously", which is the type of construction the word would

20  have to adopt to properly count the day of receipt.  Defendants' response thus was timely under

21  §2605(e)(2).

22        Plaintiff alleges for the first time in her opposition to the instant motion that BACHLS

23  failed to "acknowledge receipt of the QWR within the 20 day deadline required by 12 U.S.C.

24  §2605(a)(1)(A)." (Pl.'s Opp. at 4:27-5:1). This allegation does not appear in Plaintiff's original

25  complaint or in the FAC, nor does Plaintiff explain how this alleged failure caused her actual

26  harm.

27  _____

28        [3]  http://thesaurus.com/browse/after

Case No. 5:10-cv-02779-JF/HRL
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

1  Notably, Plaintiff does not affirmatively allege in her FAC that Defendants response to

2  her alleged QWR was substantively deficient.  To the contrary, she asserts that Defendant

3  responded to several questions contained in the QWR and provided her with numerous

4  documents.  (FAC at ¶ 25).  The only other reference Plaintiff makes regarding the substantive

5  response to her inquiry is a conclusory allegation stating that once she receives the required

6  information she will amend her complaint to add parties and claims for relief. *(Id.* at ¶ 26).

7       **2.    Whether Plaintiff sufficiently has alleged damages in connection with her**

8            **RESPA claim**

9  Plaintiff's allegation concerning damages are the same as those contained in her original

10  complaint.  For the same reasons discussed in this Court's order dated October 7, 2010

11  dismissing that pleading, the Court again concludes that Plaintiff has failed to allege cognizable

12  damages.

13  RESPA provides that "in the case of any action by an individual, [the servicer is liable

14  for] an amount equal to the sum of . . .(A) any actual damages to the borrower as a result of the

15  failure; and (B) any additional damages, as the court may allow, in the case of a pattern or

16  practice of noncompliance with the requirements of this section, in an amount not to exceed $

17  1,000."  12 U.S.C. § 2605(f)(1).  Thus, to state a claim for a RESPA violation in this case,

18  Plaintiff must plead either that she has suffered actual damages or that BACHLS has engaged in a

19  pattern or practice of violating RESPA; otherwise, the complaint fails to allege the servicer's

20  liability under the statute.  *See, e.g., Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089,

21  1097 (N.D. Cal. 2009) ("Although [12 U.S.C. § 2605(f)(1)] does not explicitly set this out as a

22  pleading standard, a number of courts have read the statute as requiring a showing of pecuniary

23  damages in order to state a claim.").  However, "courts have interpreted this requirement

24  liberally."  *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. CIV. S-09-1504 LKK/KJM, 2009

25  WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009).

26  While Plaintiff re-alleges conclusorily that Defendants have engaged in a pattern or

27  practice of noncompliance with RESPA, (FAC ¶ 30; Complaint ¶ 28), she does not allege any

28

6

factual basis for such a conclusion.[4]  *See Clegg*, 18 F.3d at 754-755 (noting that conclusory allegations need not be accepted).  Plaintiff also contends throughout her papers that she has suffered actual damages because Defendants alleged failure to respond to the QWRs has (1) prevented her from filing legal action that includes all of the facts and parties necessary to plead a complete case, (2) prevented her from challenging what she suspects is a wrongful foreclosure, and (3) forced her to incur attorneys' fees in her pursuit of a response to the alleged QWR. (Pl's Opp. 5:7-20).  However, the FAC alleges only that Defendants prevented her from filing a complete case and forced her to incur attorney's fees. (FAC ¶¶ 26-28).

Attorneys' fees typically are not considered "actual damages," and other district courts have rejected similar claims.  *See Shepherd v. Am. Home Mortg. Servs.*, NO. CIV. 2:09-1916 WBS GGH, 2009 U.S. Dist. LEXIS 108523, *11 (E.D. Cal. Nov. 20, 2009) (concluding that the plaintiff's allegation that he "ha[d] suffered and continue[d] to suffer damages and costs of suit" was insufficient for purposes of 12 U.S.C. § 2605(f)(1), even under "a liberal pleading standard for harm"); *Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 U.S. Dist. LEXIS 91287, at *12 (N.D. Cal. Sept. 30, 2009) (concluding that an allegation that the plaintiff "has suffered and continues to suffer damages and costs of suit" was insufficient to show pecuniary loss); *Allen*, 660 F. Supp. 2d at 1097 (concluding that attorneys' fees are not a "pecuniary loss" sufficient for purposes of 12 U.S.C. § 2605(f)(1)).

Plaintiff's contention that she sustained actual damages from being unable to plead a complete case is without merit. She cites no authority to support her contention, and common sense would indicate that Plaintiff's ability to amend her complaint, liberally and without penalty, remedies any injury caused by her having incomplete information.  Finally, to the extent that Plaintiff re-alleges that Defendants' failure to respond to her QWR has prevented her from mounting an adequate challenge to Defendants' proposed foreclosure sale, her claim again is

---

[4] As discussed previously, Plaintiff must provide evidence that BACHLS received her initial letter sent January 26, 2010. Neither the attached letter from the Defendants acknowledging receipt of her letter nor Plaintiff's unsupported conclusion that Defendants' response "proves" that it received her original letter is sufficient.

7

1   insufficient. (Pl.'s Opp. 5:7-20; Complaint ¶ 32).  Defendants point out that "[n]othing in

2   [RESPA] shall affect the validity or enforceability of any sale or contract for the sale of real

3   property or any loan, loan agreement, mortgage, or lien made or arising in connection with a

4   federally related mortgage loan." 12 U.S.C. § 2615.  If the RESPA violation somehow caused an

5   invalid foreclosure sale to proceed, it is conceivable that Plaintiff might have suffered actual

6   damages as a result.  However, again, Plaintiff does not provide any factual support for her

7   conclusory allegation that Defendants' failure to respond caused an invalid foreclosure sale.

8        Accordingly, Plaintiff's RESPA claim will be dismissed.  Because it is conceivable that

9   the claim's deficiencies could be cured by amendment, leave to amend will be granted.  *Lucas*, 66

10  F.3d at 248. Significantly, this will be Plaintiff's second opportunity to cure the deficiencies in

11  her complaint; should a second amended complaint fail to address the deficiencies adequately, the

12  Court would be inclined to dismiss the complaint with prejudice.

13  **C.  UCL claim**

14       The UCL prohibits any "unlawful, unfair or fraudulent business practices." *Cel-Tech*

15  *Commc'ns, Inc. v Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  Because the statute

16  is written in the disjunctive, it applies separately to business practices that are (1) unlawful, (2)

17  unfair, or (3) fraudulent. *See Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003).

18  Plaintiff alleges that Defendants have violated the "unlawful" prong of the UCL.  (Complaint ¶

19  34.)  "'By proscribing 'any unlawful' business practice, [the UCL] 'borrows' violations of other

20  laws and treats them as unlawful practices that the unfair competition law makes independently

21  actionable.'" *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)

22  (quoting *Cel-Tech*, 20 Cal. 4th at 180).  Plaintiff claims that Defendants violated the UCL by they

23  violating RESPA.  As discussed above, the RESPA claim will be dismissed with leave to amend.

24                              **IV.  CONCLUSION**

25       Pursuant to the foregoing discussion, the motion to dismiss Plaintiff's first amended

26  complaint will be GRANTED, with leave to amend.

27

28

1

2   IT IS SO ORDERED.

3

4   DATED:   February 14, 2011

5                                              JEREMY FOGEL
                                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9